IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH STANTON<br>and RICHARD STANTON,<br><br>    Plaintiffs,<br>  v.<br><br>TAASERA, INC.,<br>KURT BUSECK, and<br>SCOTT HARTZ,<br><br>    Defendants. | Civil Action<br><br>No.  1:18-cv-291<br><br><br><br>JURY TRIAL DEMANDED |

**CIVIL COMPLAINT**

Plaintiffs, Joseph Stanton and Richard Stanton, by undersigned counsel, file this Civil Complaint, and in support state the following.

**I. Jurisdiction and Venue**

1. Plaintiffs invoke this Court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship, and this matter exceeds the sum or value of $75,000.

2. Venue is proper in this Court because at the time of the transactions and occurrences giving rise to this matter, Defendant TaaSera maintained a principal place of business in Erie, Pennsylvania, and because a substantial portion of the events or omissions giving rise to this action occurred there.

3. On or about July 17, 2018, Plaintiffs, Joseph Stanton and Richard Stanton, commenced an arbitration against Defendant TaaSera through the American Arbitration Association ("AAA").

4. On or about August 10, 2018, AAA administratively closed the arbitration matter due to Defendant's violation of its Employment Arbitration Rules; specifically, its requirement

1

that employers pay a portion of the filing fee.

5.   As such, any defense of an agreement to arbitrate has been waived.

## II. Parties

6.   Plaintiff, Joseph Stanton, is an adult resident of the State of Maryland.

7.   Plaintiff, Richard Stanton, is an adult resident of the State of the Maryland.

8.   Defendant, TaaSera, Inc., is a Delaware corporation with a principal place of business located in Salt Lake City, Utah.

9.   Defendant, Kurt Buseck, is an adult resident of the Commonwealth of Pennsylvania. He is or was the Chief Financial Officer, Corporate Secretary, and Board member of Defendant TaaSera.

10.   Defendant, Scott Hartz, is an adult resident of the Commonwealth of Pennsylvania. He is the Chairman of the Board of Defendant TaaSera.

11.   At all times relevant, Defendants Buseck and Hartz were agents of Defendant TaaSera who had policy-making authority, including the authority to make wage-payment decisions.

## III. Factual Background

12.   On or about December 12, 2012, Plaintiff Richard Stanton signed a written contract of employment with Defendant TaaSera to serve as General Counsel for the corporation at a base salary of $150,000.00. (Exhibit 1).

13.   On or about February 6, 2014, Plaintiff Joseph Stanton began employment with Defendant TaaSera.

14.   At or before the beginning of 2015, Defendant TaaSera and Joseph Stanton agreed that he would be paid a salary of $150,000.00 per year.

15. As part of Plaintiffs' contracts, Defendants agreed to reimburse reasonable business expenses in accordance with TaaSera's expense reimbursement policy.

16. At the time that Plaintiffs worked for Defendant TaaSera, Defendant was headquartered in Erie, Pennsylvania.

17. At the time that Plaintiffs worked for Defendant TaaSera, Plaintiffs lived and worked in Maryland.

18. On or about March 1, 2016, Defendant TaaSera informed its employees, including Plaintiffs, that the company had run out of money, could not make payroll, and that once the company obtained additional funding, payroll would begin anew and employees, including Plaintiffs, would be reimbursed for the wages that went unpaid.

19. Despite restarting payroll in November 2016, Defendant TaaSera never paid its employees, including Plaintiffs, their accumulated, unpaid wages earned during the period from March 1, 2016 through November 1, 2016.

20. Defendants Buseck and Hartz were directly involved in the decision not to pay Plaintiffs.

21. During the period from March 1, 2016 through November 1, 2016, Plaintiffs did not receive any salary or compensation despite being a full time working employee of Defendant.

22. To date, Plaintiff Joseph Stanton is entitled to $100,000.00 for eight months of unpaid salary.

23. To date, Defendant has not reimbursed Joseph Stanton for approximately $8,310 in work-related expenses.

24. Joseph Stanton's employment ended on or about March 31, 2017.

25. In or around April 2017, Defendants removed Richard Stanton from payroll as a W-2 employee, explaining that TaaSera had terminated its Chief Financial Officer, and the company could no longer process payroll.

26. Defendants then told Richard Stanton that he would be considered an "independent contractor," and would be paid his regular salary rate of $150,000 per year.

27. Despite Defendants' classification of Richard Stanton as an "independent contractor," he continued to perform work in the same manner as when he was an employee.

28. From June 1, 2017 through June 1, 2018, Defendants failed to pay Stanton any wages.

29. To date, Plaintiff Richard Stanton is entitled to $250,000.00 in unpaid salary.

## COUNT I
### Plaintiffs v. TaaSera, Inc.
### PA Wage Payment and Collection Law

30. Plaintiff incorporates by reference the averments in paragraph 1 through 29 as if fully restated herein.

31. Pursuant to the Pennsylvania Wage Payment and Collection Law, 43 Pa. Stat. § 260.1 *et seq.*, Plaintiffs' base salary and business expenses constituted "wages." 43 Pa. Stat. § 260.2a.

32. Despite Defendant TaaSera's misclassification of Richard Stanton as an "independent contractor" in 2017 and 2018, Plaintiffs were, at all times relevant, "employees" entitled to protection by the Wage Payment and Collection Law.

33. Defendant TaaSera was required to pay Plaintiffs wages by each regular pay day. 43 Pa. Stat. § 260.3(a).

34. Despite demands for payment, Defendant TaaSera has refused to compensate Plaintiffs.

35. Defendant TaaSera's failure to pay Plaintiffs the wages due and owing is a violation of 43 Pa. Stat. §260.3(a).

36. More than 30 days have passed since many of Plaintiffs' regularly scheduled pay days.

37. Defendant TaaSera's failure to pay Plaintiffs is not based on a good faith dispute as to Plaintiffs' entitlement to wages.

38. Therefore, pursuant to 43 Pa. Stat. § 260.10, Plaintiffs are also entitled to liquidated damages equal to 25% of the total amount of wages due.

WHEREFORE, Plaintiffs demand judgment against Defendant TaaSera in an amount exceeding $75,000.00, and:

    a. Damages for unpaid wages;

    b. Liquidated damages equal to 25% of the total unpaid wages; and

    c. Costs and attorneys' fees, pursuant to 43 Pa. Stat. §260.9a(f).

### COUNT II
### Plaintiffs v. Kurt Buseck and Scott Hartz
### PA Wage Payment and Collection Law

39. Plaintiffs incorporate the allegations of Paragraphs 1 through 38 as if fully restated.

40. As Board members of TaaSera, Defendants Buseck and Hartz had the authority to make wage payment decisions.

41. As such, Defendants Buseck and Hartz were "employers" within the meaning of the Pennsylvania Wage Payment and Collection Law, 43 Pa. Stat. § 260.2(a).

42. Buseck and Hartz exercised decision-making authority in deciding not to pay Plaintiffs.

43. Buseck and Hartz are therefore individually liable to Plaintiffs under the Pennsylvania Wage Payment and Collection Law.

WHEREFORE, Plaintiffs demand judgment against Defendant TaaSera in an amount exceeding $75,000.00, and:

    a. Damages for unpaid wages;

    b. Liquidated damages equal to 25% of the total unpaid wages; and

    c. Costs and attorneys' fees, pursuant to 43 Pa. Stat. §260.9a(f).

### COUNT III
### Plaintiffs v. TaaSera, Inc.
### MD Wage Payment and Collection Law

44. Plaintiffs incorporate the allegations of Paragraphs 1 through 43 as if fully restated.

45. Pursuant to the Maryland Wage Payment and Collection Law, Md. Code Lab. & Empl. § 3-501 *et. seq.*, Plaintiffs' base salary and business expenses constituted a "wage."

46. Despite TaaSera's misclassification of Richard Stanton as an "independent contractor" during part of his employment, Plaintiffs were, at all times relevant, "employees" under the Maryland Wage Payment and Collection Law.

47. Defendant TaaSera was required to pay Plaintiffs' wages by each regular pay day. Md. Code Lab. & Empl. § 3-502.

48. More than two weeks have passed since the date on which Defendant TaaSera was required to pay Plaintiffs' wages.

49. Defendant TaaSera's withholding of wages was not due to a bona fide dispute.

50. Therefore, pursuant to Md. Code Lab. & Empl. § 3-507.2, Plaintiffs are entitled to treble damages.

51. Defendant availed itself of Maryland law by employing employees it knew to live and work in Maryland.

WHEREFORE, Plaintiffs demand judgment against Defendant TaaSera in an amount exceeding $75,000.00, and:

    a. Damages for unpaid wages;

    b. Treble damages;

    c. Costs and attorneys' fees.

## COUNT IV
### Joseph Stanton v. TaaSera, Inc.
### Breach of Contract

52. Plaintiffs incorporate the allegations of Paragraphs 1 through 51 as if fully restated.

53. By failing to pay Joseph Stanton the base salary it agreed to pay, Defendant TaaSera materially breached an oral contract.

54. Moreover, by failing to reimburse Joseph Stanton for reasonable expenses he incurred in the course of his employment, Defendant TaaSera materially breached an oral contract.

55. As a direct and proximate result of Defendant's failure to reimburse expenses, Joseph Stanton has suffered damages in the approximate amount of $108,310.

WHEREFORE, Joseph Stanton seeks actual and consequential damages as a result of Defendant TaaSera's breach of contract.

## COUNT V
### Richard Stanton v. TaaSera, Inc.
### Breach of Contract

56.     Plaintiffs incorporate the allegations of Paragraphs 1 through 55 as if fully restated.

57.     By failing to pay Richard Stanton the base salary it agreed to pay in 2016, Defendant TaaSera materially breached a written contract.

58.     Thereafter, in 2017 and 2018, by failing to pay Richard Stanton the base salary to which it agreed, TaaSera materially breached an oral contract with Stanton.

59.     As a direct and proximate result of Defendant's failure to reimburse expenses, Joseph Stanton has suffered damages in the approximate amount of $250,000.

WHEREFORE, Joseph Stanton seeks actual and consequential damages as a result of Defendant TaaSera's breach of contract.

Respectfully submitted,

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157
Elzer Law Firm, LLC
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 230-8436
(412) 206-0855 (fax)
celzer@elzerlaw.com

Neil S. Hyman, Esquire
(Pro Hac Vice Pending)
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
(301) 841-7105 (p)
neil@neilhymanlaw.com

Attorneys for Plaintiffs