IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH STANTON<br>and RICHARD STANTON,<br><br>       Plaintiffs,<br><br>  v.<br><br>TAASERA, INC., KURT<br>BUSECK, and SCOTT HARTZ,<br><br>       Defendants. | Civil Action<br><br>No. 1:18-cv-00291-SPB |

**BRIEF IN SUPPORT OF**
**<u>DEFENDANTS' MOTION FOR PARTIAL DISMISSAL</u>**

I.    <u>Statement of Plaintiffs' Relevant Allegations</u>.

Plaintiff, Joseph Stanton, worked for Defendant, TaaSera, Inc. ("TaaSera"), in some unspecified position from on or about February 6, 2014, until on or about March 31, 2017. (Complaint, ¶¶ 13, 24). Joseph Stanton is a Maryland resident, and lived and worked in Maryland during his employment with TaaSera. (Complaint, ¶¶ 6, 17).

Plaintiff, Richard Stanton, was employed by TaaSera as its General Counsel from on or about December 12, 2012, until in or around April 2017, and worked for TaaSera as an independent contractor from in or around April 2017 until June 1, 2018. (Complaint, ¶¶ 12, 25-28). According to Plaintiffs, TaaSera improperly classified Richard Stanton as an independent contractor, and should have classified him as an employee, from April 2017 through June 1, 2018. (Complaint, ¶ 27). Richard Stanton is a Maryland resident, and lived and worked in Maryland during the time when he worked as an employee and independent contractor of TaaSera's. (Complaint, ¶¶ 7, 17).

TaaSera is a Delaware corporation with a principal place of business in Utah. (Complaint, ¶ 8). During the time when Plaintiffs worked for TaaSera, TaaSera allegedly was headquartered in Erie, Pennsylvania. (Complaint, ¶ 16).

Defendant, Kurt Buseck, is a resident of Pennsylvania, and allegedly is or was the Chief Financial Officer, Corporate Secretary, and a Board member of TaaSera's. (Complaint, ¶ 9). Defendant, Scott Hartz, is a resident of Pennsylvania, and is the Chairman of TaaSera's Board. (Complaint, ¶ 10).

According to Plaintiffs, TaaSera failed to pay them their salary, and failed to reimburse Joseph Stanton for certain work-related expenses, for certain periods of time when they worked for TaaSera. (Complaint, ¶¶ 21-29). According to Plaintiffs, Kurt Buseck and Scott Hartz were directly involved in the decision not to pay Plaintiffs. (Complaint, ¶ 20).

Plaintiffs' Complaint consists of the following five counts: (1) a claim by Plaintiffs against TaaSera for violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq. ("PWPCL") (Count I); (2) a claim by Plaintiffs against Kurt Buseck and Scott Hartz for violation of the PWPCL (Count II); (3) a claim by Plaintiffs against TaaSera for violation of the Maryland Wage Payment and Collection Law, Md. Code Lab. & Empl. § 3-501 et seq. (Count III); (4) a claim by Joseph Stanton against TaaSera for breach of contract (Count IV); and (5) a claim by Richard Stanton against TaaSera for breach of contract (Count V).

II.  Issue.

Have Plaintiffs failed to state a claim upon which relief can be granted under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq., based on Plaintiffs' averment that they lived and worked in Maryland during their employment with TaaSera?

2

220517524

III.  <u>Argument</u>.

    A.  <u>Plaintiffs' claims under the Pennsylvania Wage Payment and Collection Law should be dismissed, because the PWPCL applies only to persons who work in Pennsylvania, Plaintiffs have alleged that they worked for Defendant, TaaSera, Inc., in Maryland, and Plaintiffs have not alleged that they worked for TaaSera in Pennsylvania.</u>

Pennsylvania federal courts have held that "[t]he protections contained in the WPCL extend only to those employees based in Pennsylvania." <u>Killian v. McCulloch</u>, 873 F.Supp. 938, 942 (E.D. Pa. 1995), <u>aff'd</u> 82 F.3d 406 (3d Cir. 1996).  <u>See also</u> <u>Tomlinson v. Checkpoint Sys., Inc.</u>, 2008 WL 219217, at *9-10 (E.D. Pa. 2008); <u>Tucci v. CP Kelco ApS</u>, 2002 WL 31261054, at *2-3 (E.D. Pa. 2002); <u>Bunnion v. Consol. Rail Corp.</u>, 1998 WL 372644, at *10 (E.D. Pa. 1998); <u>McHugh v. Ries</u>, 1997 WL 381611, at *1 (E.D. Pa. 1997); <u>Eastland v. Du Pont</u>, 1996 WL 421940, at *5 (E.D. Pa. 1996); <u>Hides v. CertainTeed Corp.</u>, 1995 WL 458786, at *2 (E.D. Pa. 1995).  Only workers who are based in Pennsylvania may sue under the PWPCL, because the purpose of the PWPCL is to protect workers to whom wages are owed, and the primary concern of the Pennsylvania legislature in enacting the PWPCL was to protect workers who work in Pennsylvania.  <u>Killian</u>, 873 F.Supp. at 942.  <u>See</u> <u>also</u> <u>Buche v. Liventa Bioscience, Inc.</u>, 112 F.Supp. 3d 883, 885 (D. Minn. 2015) (holding that the PWPCL did not apply to an employee who lived and worked in Minnesota for a Pennsylvania-based employer).

In the present case, Plaintiffs, Joseph Stanton and Richard Stanton, both allege that, throughout their employment with TaaSera, they lived and worked in Maryland.  (Complaint, ¶¶ 6, 7, 12, 13, 17).  They do not allege that they worked for TaaSera in Pennsylvania.  Because they have alleged that they worked in Maryland throughout their employment with TaaSera, they have failed to state a claim upon which relief can be granted under the PWPCL.

As part of the "meet-and-confer" process that preceded Defendants' filing of their present Motion, Plaintiffs' counsel contended that Plaintiffs each had employment agreements that

contain Pennsylvania choice-of-law provisions, and that the existence of those provisions render the PWPCL applicable to Plaintiffs' wage payment claims. As an initial matter with regard to Plaintiffs' contention, Plaintiffs did not allege, in their Complaint, that Joseph Stanton has a written agreement providing for the payment of wages, and Plaintiffs did not attach any such agreement to their Complaint. Thus, the only averments relating to Joseph Stanton that are relevant to the issue of the applicability of the PWPCL to him are that he lived and worked in Maryland throughout his employment with TaaSera. (Complaint, ¶¶ 6, 13, 14, 17).

Plaintiffs did allege in their Complaint that Richard Stanton had a written employment agreement with TaaSera, and Plaintiffs attached a copy of that agreement to their Complaint. (Complaint, ¶ 12; Ex. 1). Richard Stanton's employment agreement contains a choice-of-law provision that states, in relevant part, "This Agreement shall be governed by the law of the Commonwealth of Pennsylvania without regard to any conflicts of laws provisions." (Complaint, Ex. 5, § 19).

The existence of a Pennsylvania choice-of-law provision in an employment agreement between a Pennsylvania employer and an employee who works outside of the Commonwealth, however, does not render the PWPCL applicable to that out-of-state employee. A case on point is Buche v. Liventa Bioscience, Inc., 112 F.Supp. 3d 883 (D. Minn. 2015). The case is instructive not only for its thorough overview of Pennsylvania law on the issue of the non-applicability of the PWPCL to persons who work outside of Pennsylvania, but also for its analysis of the effect of a Pennsylvania choice-of-law provision on the applicability of the PWPCL. In Buche, the plaintiff-employee lived and worked in Minnesota as the Chief Financial Officer of a Pennsylvania-based employer. The employee had a written contract with the employer that contained a Pennsylvania choice-of-law provision that was similar to the choice-

of-law provision in Richard Stanton's employment agreement with TaaSera. The choice-of-law provision in the Buche case stated, in relevant part, "This Agreement shall be governed and construed in accordance with the laws of the Commonwealth of Pennsylvania." 112 F.Supp. 3d at 888. The Minnesota-based employee sued the Pennsylvania-based employer for, inter alia, violation of the PWPCL, based on the employer's failure to pay wages. The employer moved to dismiss the employee's PWPCL claim.

In granting the employer's motion to dismiss, the court noted initially that no Pennsylvania state appellate court had yet ruled on the issue of whether the PWPCL applies to persons who work outside of Pennsylvania, and that it was difficult to predict how the Supreme Court of Pennsylvania would rule on this issue. The court further noted, however, that most of the federal and state trial courts that had addressed this issue had concluded that the protections of the PWPCL do not apply to persons who work outside of the Commonwealth. 112 F.Supp. 3d at 884-885. The court explained, in detail, the faulty logic of the decision of the Court of Common Pleas of Allegheny County, Pennsylvania in Crites v. Hoogovens Tech. Servs., Inc., 43 Pa. D. & C. 4th 449 (C.C.P. Allegheny County, Pa. 2000), one of the few cases supporting the proposition that the PWPCL does apply to employees who work outside of the Commonwealth. In adopting the majority view that the PWPCL does not apply to employees who work outside of the Commonwealth, the Buche court concluded that "Killian and its progeny have adopted a straightforward and sensible limitation: Those who work in Pennsylvania can sue under the Pennsylvania statute, but those who do not work in Pennsylvania cannot." 112 F.Supp. 3d at 885.

The Buche court next addressed the employee's argument that, even though he worked in Minnesota, the PWPCL should apply to him based on a Pennsylvania choice-of-law provision

220517524

contained in his employment agreement. The court reasoned that a contractual choice-of-law provision has the effect of requiring a court to apply, as written, the law of the state whose law has been chosen, and that a choice-of-law provision does not have the effect of changing the law of that state. The court noted that, pursuant to the Pennsylvania choice-of-law provision that existed in that case, the court was required to apply Pennsylvania law, but was required to apply the law "according to its own terms." Under Pennsylvania law, the court noted, an employee must work within the Commonwealth of Pennsylvania in order to fall within the protection of the PWPCL. The court concluded, "The PWPCL does not provide a cause of action to employees who work outside of Pennsylvania, and thus, even if this dispute is governed by Pennsylvania law, [the employee] cannot recover under the WPCL." 112 F.Supp. 3d at 888.

Defendants respectfully submit that the Buche court's analysis of the choice-of-law issue is correct and makes logical sense. Pursuant to the Pennsylvania choice-of-law provision in Richard Stanton's employment contract, Pennsylvania rules of contract construction would apply to that contract. The provision, however, does not have the effect of incorporating into the contract, or engrafting onto the employment relationship, the PWPCL or any of the various other Pennsylvania employment statutes, such as the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq., and the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 et seq., that apply only to Pennsylvania workers.

IV.   Conclusion.

For these reasons, Defendants respectfully request that Counts I and II of Plaintiffs' Complaint be dismissed, with prejudice. Because Count II contains the only claim that Plaintiffs have asserted against Defendants, Kurt Buseck and Scott Hartz, Defendants respectfully request that the Complaint be dismissed, with prejudice, as to Mr. Buseck and Mr. Hartz.

contained in his employment agreement. The court reasoned that a contractual choice-of-law provision has the effect of requiring a court to apply, as written, the law of the state whose law has been chosen, and that a choice-of-law provision does not have the effect of changing the law of that state. The court noted that, pursuant to the Pennsylvania choice-of-law provision that existed in that case, the court was required to apply Pennsylvania law, but was required to apply the law "according to its own terms." Under Pennsylvania law, the court noted, an employee must work within the Commonwealth of Pennsylvania in order to fall within the protection of the PWPCL. The court concluded, "The PWPCL does not provide a cause of action to employees who work outside of Pennsylvania, and thus, even if this dispute is governed by Pennsylvania law, [the employee] cannot recover under the WPCL." 112 F.Supp. 3d at 888.

Defendants respectfully submit that the Buche court's analysis of the choice-of-law issue is correct and makes logical sense. Pursuant to the Pennsylvania choice-of-law provision in Richard Stanton's employment contract, Pennsylvania rules of contract construction would apply to that contract. The provision, however, does not have the effect of incorporating into the contract, or engrafting onto the employment relationship, the PWPCL or any of the various other Pennsylvania employment statutes, such as the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq., and the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 et seq., that apply only to Pennsylvania workers.

IV.   Conclusion.

For these reasons, Defendants respectfully request that Counts I and II of Plaintiffs' Complaint be dismissed, with prejudice. Because Count II contains the only claim that Plaintiffs have asserted against Defendants, Kurt Buseck and Scott Hartz, Defendants respectfully request that the Complaint be dismissed, with prejudice, as to Mr. Buseck and Mr. Hartz.

Dated: November 19, 2018

Respectfully submitted,

*[signature]*

_____
Kurt A. Miller
Pa. I.D. No. 37850

James P. Thomas
Pa. I.D. No. 75960

Andrew J. Ruxton
Pa. I.D. No. 322818

CLARK HILL PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219-1425
412-394-2363

*Attorneys for Defendants, TaaSera, Inc., Kurt Buseck, and Scott Hartz*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the **BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL** has been served upon counsel of record this 19th day of November, 2018, via the Court's CM/ECF System, as follows:

Christine T. Elzer, Esq.
Elzer Law Firm, LLC
100 First Avenue, Suite 1010
Pittsburgh, PA  15222

Neil S. Hyman, Esq.
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, MD  20814

_____
Kurt A. Miller