IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH STANTON and RICHARD STANTON, | Civil Action |
| | No. 1:18-cv-291 |
| Plaintiffs, | Judge Baxter |
| v. | |
| TAASERA, INC., KURT BUSECK, and SCOTT HARTZ, | JURY TRIAL DEMANDED |
| Defendants. | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

**I. Introduction and Factual Background**

This is an action under the Pennsylvania Wage Payment and Collection Law, 43 Pa. Stat. § 260.1 *et seq.*; the Maryland Wage Payment and Collection Law, Md. Code Lab. & Empl. § 3-501 *et. seq.*, and for breach of contract. Plaintiffs, Joseph Stanton and Richard Stanton, allege that their former employer, TaaSera, Inc. ("TaaSera"); its Chief Financial Officer, Kurt Buseck; and its Chairman of the Board, Scott Hartz, have failed to pay them earned wages.

This is the third forum in which Plaintiffs have sought to recover unpaid wages from TaaSera. Prior to filing in this Court, Plaintiffs commenced an arbitration before the American Arbitration Association ("AAA"), which AAA administratively closed due to TaaSera's failure to pay its portion of the filing fee (Complaint, Docket Entry 1, ¶¶3-4). Before that, Plaintiffs sued TaaSera in Montgomery County, Maryland, where they lived and worked during their employment. On motion of TaaSera, the Maryland court dismissed the case based on lack of personal jurisdiction (Exhibits 1 and 2).[1]

---

[1] TaaSera's motion to dismiss the Maryland case is attached as Exhibit 1. The Maryland court's docket sheet, including the text of its order of dismissal, is attached as Exhibit 2. This Court may take judicial notice of public

1

In the Maryland case, TaaSera argued, "the provisions of Maryland's Wage Payment and Collection Act (Md Code Amr. Lab & Empl. § 3-501 et. seq.) are inapplicable here" (Exhibit 1,¶¶45, 61). According to TaaSera in the Maryland case, Plaintiffs "must look to Pennsylvania law for relief" (Exhibit 1, ¶¶40, 56). Now that Plaintiffs have indeed "looked to Pennsylvania law for relief," TaaSera inexplicably claims that Pennsylvania law does *not* apply.

During Plaintiffs' employment, they lived and worked in Maryland (Complaint ¶17). TaaSera, on the other hand, was headquartered in Pennsylvania (¶16). Defendants Buseck and Hartz are Pennsylvania residents (¶¶9-10).

At the start of Richard Stanton's employment, he entered into a written contract governing the payment of wages, which provided, *inter alia*, "this Agreement shall be governed by the laws of the Commonwealth of Pennsylvania, without regard to any conflicts of law provisions" (Complaint Exhibit 1, Docket Entry 1-1, ¶19). In the Maryland case, TaaSera claimed that Joseph Stanton also entered into a contract "exactly the similar to the contract executed by his brother, Richard Stanton, with the only difference being compensation" (Exhibit 1, ¶53). As such, there is at a minimum a factual dispute regarding whether Joseph Stanton has a wage payment agreement containing a Pennsylvania choice of law clause. Further, Joseph Stanton entered into a separate written employment contract, which did not address the payment of wages, but which provided, "The head office of the Company is in Erie, Pennsylvania. Accordingly, this agreement shall be governed by the laws of the Commonwealth of Pennsylvania as those laws are applied by the Pennsylvania courts to contracts between Pennsylvania residents made and to be performed within Pennsylvania"[2] (Exhibit 3, ¶14(d)).

---

records at the motion to dismiss stage. *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Dinicola v. DiPaolo*, 945 F. Supp. 848, 855 n. 2 (W.D. Pa. 1996)

[2] The Court may consider "indisputably authentic" documents in ruling on a motion to dismiss. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). As part of the meet-and-confer process prior to Defendants' filing of its Motion,

2

TaaSera, Buseck, and Hartz have moved to dismiss Counts I and II of Plaintiffs' Complaint, which assert claims under the Pennsylvania Wage Payment and Collection Law (WPCL). They have done so despite TaaSera's earlier instance that Pennsylvania law applied to Plaintiffs, and despite Plaintiffs' employment contracts containing Pennsylvania choice of law clauses. Because all Defendants meet the statutory definition of "employer" under the WPCL, and further because Defendants have chosen Pennsylvania law to apply to Plaintiffs' employment, Defendants' Motion for Partial Dismissal should be denied.

## II. Argument

### A. Plaintiffs Have Adequately Pleaded That Defendants Are Subject to the WPCL Because They Made Wage Payment Decisions from Pennsylvania.

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." *See* 1 Pa. C.S. § 1921(a). Generally, the best indication of legislative intent behind the enacting of a statute is its plain language. *Commonwealth v. Johnson*, 26 A.3d 1078, 1089 (Pa. 2011). Moreover, statutes like the WPCL should be "liberally construed to effect their objects and to promote justice." 1 Pa. C.S. § 1928(c).

Here, the plain language of the WPCL clearly includes Defendants in its definition of "employer." The WPCL defines "employer" to include "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 P.S. § 260.2a. Here, TaaSera was headquartered in Pennsylvania (Complaint ¶16). Hartz and Buseck are and were Pennsylvania residents (¶¶9-10). Both Hartz and Buseck had policy-making authority, including the authority to make wage payment decisions (¶11). TaaSera employed

---

Plaintiff's counsel provided Defendants' counsel a copy of Joseph Stanton's employment agreement. Defendants have referenced that agreement in their brief (Def. Brief at 3-4). Defendants have not challenged the authenticity of the agreement, which was signed by Defendant Buseck on behalf of TaaSera.

Defendants Buseck and Hartz, and therefore necessarily employed individuals within the Commonwealth (Complaint ¶¶8-9). As such, Plaintiffs have adequately alleged that Defendants are "employers" under the WPCL.

The WPCL's "broad definition of 'employer' indicates that [the] General Assembly intended to bring all employers within the scrutiny of the WPCL unless to do so would yield an unreasonable or absurd result." *Crites v. Hoogovens Tech. Servs., Inc.*, 43 Pa. D.&C.4th 449, 454-55, 2000 WL 356696 (Pa. Com. Pl. Allegheny County 2000). In addition to protecting employees' rights to wages, "a coequal purpose of this statute is to allow for the punishment of recalcitrant employers and thereby to provide a powerful disincentive to any employer's temptation to fail to pay wages rightfully due an employee." *Id.* at 455; *see also McGoldrick v. TruePosition, Inc.*, 623 F. Supp. 2d 619, 631 (E.D. Pa. 2009)(acknowledging the "dual-purpose behind the act: to protect Pennsylvania employees and to punish recalcitrant Pennsylvania employers").

Given that a primary purpose of the WPCL is to punish Pennsylvania employers for failing to pay wages, this law must apply to *all* employers who make wage payment decisions from Pennsylvania. A contrary interpretation would give Pennsylvania employers the undesirable incentive to hire employees outside the Commonwealth in an effort to evade the protections of Pennsylvania law. Neither this Court nor any other court should engage in this type of policy-making, when to do so would be contrary to the plain language of the statute, as well as its underlying purposes.

To the extent that other courts have endorsed a more narrow view of the WPCL to apply only to those employees physically located within Pennsylvania, that view is not consistent with the plain language of the statute. Because the Pennsylvania Supreme Court has not spoken on the matter, this Court is free to read the statute as written. In following the plain language of the statute,

this Court should predict that the Pennsylvania Supreme Court would apply the WPCL to *all* employers who decide *from* Pennsylvania not to pay wages to an employee, regardless of where that employee may be located.

### B. The Choice of Law Clauses in Plaintiffs' Employment Agreements Mandate Application of the WPCL.

As set forth above, Plaintiffs' employment contracts contain clauses requiring the application of Pennsylvania law (R. Stanton Contract, Docket Entry 1-1, ¶19; J. Stanton Contract, Exhibit 3, ¶14(d)); Maryland Motion to Dismiss attesting to existence of J. Stanton wage contract identical to R. Stanton wage contract, Exhibit 1, ¶53). TaaSera's insistence on the application of Pennsylvania law to Plaintiffs' employment mandates just that—the application of Pennsylvania law to Plaintiffs' employment.

The only known Pennsylvania state court to decide the issue has held, "where … an employment agreement requires the use of Pennsylvania law and makes Pennsylvania the exclusive forum for employer-employee disputes, an employee of a Pennsylvania corporation who neither lives nor works in Pennsylvania may, nevertheless, sue that corporation pursuant to the WPCL." *Crites v. Hoogovens Tech. Servs., Inc.*, 43 Pa. D.&C.4th 449, 454-55, 2000 WL 356696 (Pa. Com. Pl. Allegheny County 2000).

In *Crites*, an Ohio resident worked for a Delaware corporation headquartered in Pennsylvania. Like Plaintiffs' agreements here, Crites' employment agreement provided: "This agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania and the parties agree that the original jurisdiction of any dispute hereunder shall be the Court of Common Pleas of Allegheny County, Pennsylvania." *Id.* at 451. As directed by the agreement, Crites sued in Allegheny County under the WPCL. Despite its Pennsylvania choice of

law and choice of forum clauses, the employer argued the WPCL did not apply to employees outside Pennsylvania. *See id.* at 452-53.

After first recognizing the dual purpose of the WPCL to protect employees and punish wayward employers, *id.* at 455, the court noted the absurdity of the employer's position. Had Crites brought suit in Ohio or under Ohio law, he would have faced dismissal because he agreed to sue only in Pennsylvania under Pennsylvania law. *Id.* at 455-56. As the court aptly illustrated:

> If employee cannot bring a wage collection action in Ohio, or indeed, anywhere else, because of the agreement's choice of forum clause; cannot bring an action in Allegheny County utilizing Ohio's, or another state's, equivalent of the WPCL because of the agreement's choice of law clause; and cannot bring a WPCL action in Allegheny County under Pennsylvania law because he is not employed in Pennsylvania, he is effectively out of court. *Id.* at 456.

The concern the *Crites* court articulated is precisely what happened here. Plaintiffs first sued in Maryland under Maryland law. TaaSera moved to dismiss, explicitly asserting that Plaintiffs "***must look to Pennsylvania law for relief***" (Exhibit 1, ¶¶40, 56). The Maryland court agreed, finding that TaaSera did not even have the requisite minimum contacts with Maryland necessary to subject it to the jurisdiction of a Maryland court (Exhibit 2). Shockingly, they now claim that Pennsylvania law does not apply, either.

Clearly, *some* law must apply to Defendants as employers. Here, TaaSera purposely chose Pennsylvania law to apply to Plaintiffs' employment. This Court should follow the reasoning of the *Crites* court, as well as TaaSera's own prior judicial admission that Pennsylvania law applies, and apply the WPCL to Defendants.

While Defendants point out that some courts have held that the WPCL only applies to employees who work in Pennsylvania, all but one of them did not involve a contract with a

Pennsylvania choice of law or choice of forum clause.[3] *See, e.g., Killian v. McCulloch*, 873 F. Supp. 938 (E.D. Pa. 1995)(failing to mention any choice of law or forum clause); *Tomlinson v. Checkpoint Sys., Inc.*, 2008 WL 219217 (E.D. Pa. Jan. 25, 2008)(same); *Tucci v. CP Kelco ApS*, 2002 WL 31261054 at *2 (E.D. Pa. Oct. 10, 2002)(declining to apply WPCL to Pennsylvania resident who worked in Delaware, in part because of a *Delaware* choice of law clause). As such, all of those cases are inapposite to the facts here.

The lone case to reject application of the WPCL despite the existence of a choice of law clause—*Buche v. Liventa Bioscience, Inc.*, 112 F. Supp. 3d 883 (D. Minn. 2015)—is not persuasive. There, a Minnesota resident, Buche, worked in Minnesota for an employer headquartered in Pennsylvania. Buche sued in Minnesota federal court alleging a violation of the WPCL. The court declined to follow *Crites*, holding there is "nothing absurd about a state legislature limiting the reach of a law to conduct that occurs within the state." *Id.*

Plaintiffs agree with this point, but apparently disagree with what it means for conduct to occur "within the state." Plaintiffs submit that if an employer within Pennsylvania decides from Pennsylvania not to make a wage payment, that conduct has occurred "within the state." This is particularly so given the purpose of the WPCL to provide employers a powerful incentive to pay wages, and to punish those who do not. While the *Buche* case apparently reads *Crites* as allowing for an extraterritorial overreach of Pennsylvania law, the more proper way to read the WPCL is in the context of regulating Pennsylvania employers, who are rightly subject to Pennsylvania law.

---

[3] Defendants wrongly include two cases in its string-cite that do not belong there: *Eastland v. DuPont*, 1996 WL 421940 (E.D. Pa. July 23, 1996), and *McHugh v. Reis*, 1997 WL 381611 (E.D. Pa. July 2, 1997). *See* Def. Brief at 3. In *Eastland*, the court denied a motion to dismiss, holding an out-of-state plaintiff's "residence and citizenship alone do not defeat his claim under the WPCL." 1997 WL 381611 at *5. In *McHugh*, the court applied the WPCL to a non-resident employee who worked in Pennsylvania for a Pennsylvania corporation. The court further noted that the agreement had a Pennsylvania choice of law clause. *See* 1997 WL 381611.

Another flaw in the *Buche* opinion stems from the court's apparent misunderstanding of the inalienable nature of the right to payment of wages. The court criticized *Crites* for "not explain[ing] why rights under a wage-protection law should be unwaivable, when Americans have the freedom to waive countless other rights that would seem equally or more important." *Id.* at 887. However, the rights under wage protection laws are, indeed, unwaivable. The WPCL explicitly provides, "No provision of this act shall in any way be contravened or set aside by a private agreement." 43 P.S. § 260.7. The court need not consider whether the right to be paid wages is more "important" than other rights that can be waived, because the General Assembly already has done so.[4] Given the *Buche* decision's failure to recognize this fundamental principle of wage payment laws, the opinion is not persuasive.

Finally, the *Buche* decision only cursorily considered the fact that the plaintiff's employment agreement had a choice of law clause requiring the application of Pennsylvania law. *See id.* at 888. According to *Buche*, a choice of law clause still required the court to "apply Pennsylvania law according to its own terms." This circular logic only begs the question: what are the WPCL's "own terms?" According to the *Crites* court, and according to the plain language of the statute, Defendants are "employers" subject to WPCL liability. Thus, Pennsylvania law's own terms subject Defendants to liability.

For all the foregoing reasons, this Court should conclude that Plaintiffs have adequately pleaded entitlement to relief under the WPCL.

### C. To the Extent the Plain Language of the Statute and the Choice of Law Clause Do Not Mandate the Application of the WPCL, Discovery is Needed to Determine the Parties' Connection to Pennsylvania.

---

[4] Likewise, the Maryland Wage Payment and Collection Law provides, "An agreement to work for less than the wage required under this subtitle is void." Md. Code Lab. & Empl. § 3-502(f).

The central issue relevant to the applicability of the WPCL is how much of a connection the parties had to Pennsylvania. To the extent that the statute itself does not answer this question, it is a necessarily fact-specific inquiry. *See e.g., Eastland v. DuPont*, 1996 WL 421940 (E.D. Pa. July 23, 1996)(denying motion to dismiss WPCL where the complaint lacked all of the facts necessary to determine whether to apply the WPCL to an out-of-state employee).

In *McGoldrick v. TruePosition, Inc.*, 623 F. Supp. 2d 619 (E.D. Pa. 2009), the court set forth factors to consider in determining whether an employer is "based in" Pennsylvania.[5] *See id.* at 631. Specifically, the court found relevant: (1) Employer's headquarters; (2) Employee's physical presence working in Pennsylvania; (3) Extent of employee's contact with Pennsylvania employer (i.e. reporting, direction, supervision, hiring, assignment, termination); (4) Employee's residence; and (5) Employee's ability to bring his claim in another forum. *Id.* 631.

In applying these factors in favor of application of the WPCL, the court had the benefit of a full factual record, when the employer moved for partial summary judgment. *See id.* at 623, 632.

Here, on the other hand, Defendant has filed a motion to dismiss prior to any discovery. To apply these factors, discovery is needed on factors 2 and 3: Plaintiffs' physical presence working in Pennsylvania, and the extent of Plaintiffs' contact with the Pennsylvania employer. Plaintiffs were not required to plead all of the facts supporting these factors with specificity. Rather, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[D]etailed pleading is generally not required." *Id.*

---

[5] Notably, the court enumerated these factors explicitly because there was no choice of law or forum selection clause. *McGoldrick,* 623 F. Supp, at 631. This suggests that the *McGoldrick* court would find the presence of a Pennsylvania choice of law clause sufficient to apply the WPCL.

Here, Plaintiffs have pleaded enough facts to support a plausible claim that they, and more importantly the Defendants, had a connection to Pennsylvania sufficient to apply Pennsylvania law. This, at a minimum, should entitle Plaintiffs to discovery to determine whether the WPCL applies under the particular factual circumstances of this case.

For all the foregoing reasons, Plaintiffs have plausibly pleaded the applicability of the WPCL to this case. Therefore, Defendants' Partial Motion to Dismiss should be denied.

    Respectfully submitted,

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157
Elzer Law Firm, LLC
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 230-8436
(412) 206-0855 (fax)
celzer@elzerlaw.com

Neil S. Hyman, Esquire
(Pro Hac Vice Motion to be Filed)
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
(301) 841-7105 (p)
neil@neilhymanlaw.com

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of December, 2018, I served the foregoing Brief in Opposition to Defendants' Partial Motion to Dismiss via ECF upon the following:

Kurt A. Miller
Clark Hill PLC
One Oxford Center
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
kmiller@clarkhill.com

/s/ Christine T. Elzer
Christine T. Elzer