IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH STANTON and RICHARD STANTON, ) ) ) | |
| Plaintiffs, ) ) | Civil Action |
| v. ) ) | |
| TAASERA, INC., KURT BUSECK, and SCOTT HARTZ, ) ) ) | No. 1:18-cv-00291-SPB |
| Defendants. ) ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' BRIEF
IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

I.   Introduction.

On November 19, 2018, Defendants, TaaSera, Inc., Kurt Buseck, and Scott Hartz, by their counsel, moved to dismiss Counts I and II of Plaintiffs' Complaint. Counts I and II are claims made pursuant to the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq* ("PWPCL"). (*See* Docket Nos. 8, 9). Plaintiffs' Brief in Opposition to Defendants' Motion for Partial Dismissal was filed on December 10, 2018. (*See* Docket No. 12).

II.   Reply Argument.

   A.   *Plaintiffs' Argument that Plaintiffs Have Adequately Pled Defendants are Subject to the PWPCL, and Predictions this Court Should Make Concerning the PWPCL.*

Plaintiffs assert that they have adequately alleged that Defendants are employers under the PWPCL. It is curious that Plaintiffs felt the need to flesh out this point, as on a motion to dismiss for failure to state a claim, courts must accept all well-pled allegations in the complaint as true, and Plaintiffs' Complaint contains on-point allegations. (*See* Complaint ¶¶ 2, 9, 10, 11, 16). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Glover v. F.D.I.C.*, 698 F.3d 139, 144 (3d Cir. 2012); *Stewart v. Philadelphia Hous. Auth.*, 487 F. Supp. 2d 584, 587 (E.D. Pa. 2007).

Here, the operative question regarding PWPCL applicability does not rest on whether Defendants are within the grasp of the PWPCL, but rather, whether Plaintiffs are.

220749958

Plaintiffs then proceed to offer a muddled discussion of the underlying purposes of the PWPCL which unconvincingly leads Plaintiffs to conclude that, "following the plain language of the statute," the PWPCL must apply to all employers who make wage payment decisions from Pennsylvania, regardless of where the employee at issue is located. (*See* Docket No. 12, pp. 4-5). Plaintiffs offer that "this Court is free to read the statute as written" and that "[n]either this Court nor any other court" should render a contrary interpretation because, as Plaintiffs state, any such reading of the PWPCL would be "policy-making" and "would be contrary to the plain language of the [PWPCL]." *Id.*

The assertion that the PWPCL applies regardless of where an employee is located is not supported by the plain meaning of the statutory text. The PWPCL does not define "employee," and the definition of "employer," which Plaintiffs included in their Brief in Opposition, instructs that an "employer" includes "every person, partnership, association, corporation [...] employing any person in this Commonwealth." *See* 43 P.S. § 260.2a. A plain reading of this definition indicates that an employee must be employed "in this Commonwealth" in order to fall within the protections of the PWPCL.

Following the plain language of the PWPCL, as Plaintiffs suggest this Court do, does not logically lead to Plaintiffs' assertion that the PWCPL applies "regardless of where the employee may be located." Rather, Plaintiffs' desired interpretation, as discussed in *Buche v. Liventa Bioscience, Inc.*, 112 F. Supp. 3d 883, 888 (D. Minn. 2015), would lead to the absurd result of permitting all of an employer's out-of-state employees to sue under the PWPCL as long as the employer had a single Pennsylvania-based employee. As the court put it in *Buche* (citing *Crites v. Hoogovens Tech. Servs., Inc.*, 43 Pa. D. & C.4th 449, 453 (C.C.P Allegheny County, Pa. 2000)), "This result is so absurd that even *Crites* admitted that it was absurd, and that the WPCL should not be construed to permit it." *Id.* at 885.

Actually, if this Court adopts the meaning of the PWPCL that Plaintiffs desire, it would be contrary to the plain meaning of the statute's text, and thus would be precisely the "policy-making" that Plaintiffs indicate this Court should avoid, and would effectively be new law.

B.  *Plaintiffs' Argument that the Choice of Law Clauses in Plaintiffs' Employment Agreements Mandate Application of the PWPCL.*

As an initial matter, Plaintiffs' Complaint did not allege that Joseph Stanton had a written agreement providing for the payment of wages, and did not attach any such agreement to the Complaint. The reason for this omission is obvious upon review of the New Employee Agreement which Plaintiffs allege gives rise to Joseph Stanton's PWPCL claims. Joseph Stanton's New Employee Agreement does not provide for the payment of wages. For purposes of a Motion to Dismiss, a court should consider only the facts that a plaintiff has actually alleged in its Complaint, and not facts that the Plaintiff could have alleged, but failed to allege, in its Complaint. *See Fox Int'l Relations v. Fiserv Sec., Inc.*, 490 F. Supp. 2d 590, 594 (E.D. Pa. 2007), *order corrected* (May 7, 2007) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)) ("Generally, a court may not consider documents outside of the pleadings when ruling on a motion to dismiss.").

Moreover, even if Plaintiffs had alleged that Joseph Stanton had a written employment agreement with TaaSera, Defendants nonetheless would be entitled to dismissal of Plaintiffs' PWPCL claims.

In support of their argument that application of the PWCPL is required pursuant to the Pennsylvania choice of law provisions contained in the employment agreements, Plaintiffs rely solely on *Crites*. In an effort to avoid restating argument, Defendants refer this Court to the discussion set forth in Defendants' Brief in Opposition regarding *Buche*. In that case, the court concluded, despite applying a Pennsylvania choice of law provision, "the Court must apply Pennsylvania law according to its own terms[,]" such that the "WPCL does not provide a cause of action to employees who work outside of Pennsylvania, and thus, even if this dispute is governed by Pennsylvania law." *Buche*, 112 F. Supp. 3d 883 at 888. Defendants respectfully submit that the *Buche* court's analysis, which specifically discusses the faulty rationale of *Crites*, is correct and logical, and should be followed by this Court.

Plaintiffs also conflate two distinct ideas in an attempt to apply the PWPCL to Plaintiffs. Specifically, Plaintiffs contend that, because they allegedly have employment agreements with Pennsylvania choice of law provisions, the PWPCL is automatically applicable. However, this is not how

3

220749958

choice of law provisions operate. The existence of a Pennsylvania choice of law provision in an employment agreement does not mean that the threshold requirements of the laws of Pennsylvania, such as the PWPCL and the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*, need not be met; rather, precisely the opposite is true. A Pennsylvania choice of law provision in an employment agreement effectively means that Pennsylvania laws apply *if* the employee is able to establish the necessary elements to sustain a cause of action. The Pennsylvania choice of law provisions in Plaintiffs' employment agreements merely act to direct Plaintiffs to the relevant Pennsylvania law – the PWPCL.

Additionally, Plaintiffs selectively included quotes from their previously dismissed case against Defendants in Maryland, apparently suggesting that Defendants are taking an inconsistent position in the present case. Plaintiffs argue that it is shocking that Defendants, before this Court, "now claim that Pennsylvania law does not apply" because, in the Maryland case, Plaintiff asserted that Plaintiffs must look to Pennsylvania law for relief. (*See* Docket No. 12, p. 6). This is not at all shocking and Defendants have not taken inconsistent positions.

In addition to the fact that the Maryland Court made no findings as to the applicability or inapplicability of Maryland's wage payment law, the faulty logic of this argument again results from Plaintiffs' misunderstanding of the operation of choice of law provisions. That is, the choice of law provisions in Plaintiffs' employment agreements and Defendants' assertion that Plaintiffs' must look to Pennsylvania law does not serve to allow Plaintiffs to bypass the PWPCL's statutory requirements, and was not an admission that Plaintiffs have valid PWPCL claims.

Plaintiffs also imply that they will be without an avenue for redress if the PWPCL does not apply. (*See* Docket No. 12, p. 6). However, Plaintiffs' inability to avail themselves of the PWPCL's protections does not mean Plaintiffs are without redress, as Plaintiffs may seek redress in other ways. Also, despite Plaintiffs implying that Defendants are to blame for this Court being the third forum in which Plaintiffs seek recovery, Plaintiffs' chose to seek redress in Maryland on their own accord.

4

220749958

Here, Plaintiffs' having agreements with Pennsylvania choice of law provisions does not result in Plaintiffs' being able to sidestep the required elements to sustain claims pursuant to the PWPCL. Rather, Plaintiffs' claims fail because Plaintiffs cannot satisfy the statutory requirements of the PWPCL for entitlement to relief.

    C.    *Plaintiffs' Argument that Discovery is Needed to Determine the Parties' Connection to Pennsylvania.*

In Plaintiffs' Brief in Opposition, Plaintiffs argue that discovery is needed to discern two things: "Plaintiffs' physical presence working in Pennsylvania, and the extent of Plaintiffs' contact with the Pennsylvania employer." (*See* Docket No. 12, p. 9). Even applying the reasoning advocated in Plaintiffs' Brief in Opposition, the contention that discovery is necessary to determine the parties' connection to Pennsylvania falls flat.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Here, Plaintiffs' Complaint contains allegations regarding the parties' connection to Pennsylvania (*See* Complaint, ¶¶ 2, 9, 10, 16), which for purposes of Defendants' Motion for Partial Dismissal, are accepted by this Court as true. Thus, it is disingenuous for Plaintiffs' to contend discovery is needed to determine the parties' connection to Pennsylvania, precluding dismissal of their PWPCL claims, where Plaintiffs have already pled facts on this topic in their Complaint.

Further, discovery is not necessary or proper to obtain information that Plaintiffs already possess and/or are in the best position to obtain. Presumably Plaintiffs know where they physically worked, and either know or are in the best position to obtain information regarding Plaintiffs' contacts with Defendants. Thus, denying Defendant's Motion for Partial Dismissal in order to permit discovery on these topics is not necessary or warranted.

III.    Conclusion.

For the foregoing reasons and for the reasons stated in the Brief in Support of Defendants' Motion for Partial Dismissal, Defendants respectfully request that Counts I and II of Plaintiffs' Complaint be

5

220749958

dismissed, with prejudice, and that Plaintiffs' Complaint be dismissed, with prejudice, as to Defendants, Kurt Buseck and Scott Hartz.

Dated:  December 20, 2018                            Respectfully submitted,

/s/ Kurt A. Miller
Kurt A. Miller
Pa. I.D. No. 37850

James P. Thomas
Pa. I.D. No. 75960

Andrew J. Ruxton
Pa. I.D. No. 322818

CLARK HILL PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219-1425
412-394-2363

*Attorneys for Defendants, TaaSera, Inc., Kurt Buseck, and Scott Hartz*

6

220749958

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the **DEFENDANTS' REPLY TO PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL DISMISSAL** has been served upon counsel of record this 20th day of December, 2018, via the Court's CM/ECF System, as follows:

>Christine T. Elzer, Esq.
>Elzer Law Firm, LLC
>100 First Avenue, Suite 1010
>Pittsburgh, PA  15222

>Neil S. Hyman, Esq.
>Law Office of Neil S. Hyman, LLC
>4520 East West Highway, Suite 700
>Bethesda, MD  20814

>/s/ Kurt A. Miller
>Kurt A. Miller