IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH STANTON, ) | |
| RICHARD STANTON, ) | C.A.No. 18-cv-291ERIE |
|    Plaintiffs ) | |
| ) | |
| vs. ) | |
| ) | Re: Partial Motion to Dismiss |
| TAASERA, INC., ) | ECF No. 8 |
| KURT BUSECK, ) | |
| SCOTT HARTZ, ) | |
|    Defendants. ) | |

## MEMORANDUM OPINION

**U.S. D.J. Susan Paradise Baxter**

### I.     Relevant Procedural History

In this diversity action, Plaintiffs Joseph Stanton and Richard Stanton seek recovery of unpaid salaries and expenses from Defendant TaaSera, Inc. Defendants Kurt Buseck and Scott Hartz, Board Members of the corporation, allegedly decided not to pay Plaintiffs.

Plaintiffs' Counts I and II[1] are based on alleged violations of the Pennsylvania Wage Payment and Collection Law[2] ("WPCL"), 43 P.S. § 260.1, *et seq*. Defendants move to dismiss these Counts arguing that the Pennsylvania law does not apply because Plaintiffs lived and worked in Maryland during their employment with TaaSera.

Presently pending before this Court is Defendants' partial motion to dismiss. ECF No. 8.

---

[1] The complaint raises three other Counts: Count III—by both Plaintiffs against the corporation for violating the Maryland Wage Payment and Collection Law; Count IV—by Joseph Stanton against the corporation for breach of contract; and Count V—by Richard Stanton against the corporation for breach of contract.

[2] The WPCL provides for civil remedies and penalties, as well as liquidated damages. 43 P.S. § 260.09; 43 P.S. § 260.10.

The motion to dismiss will be reviewed under the *Twombly/Iqbal*[3] standard, following a brief synopsis of Plaintiffs' relevant factual allegations.

Plaintiffs are both residents of Maryland and they allege that TaaSera is a Delaware corporation with its principal place of business in Utah. When Plaintiffs worked for TaaSera, the corporation "was headquartered in" Erie, Pennsylvania. Plaintiffs do not allege that they worked in Pennsylvania.

Defendants argue that only someone who works in Pennsylvania can bring a claim under the WPCL, while Plaintiffs disagree. This point of law is far from settled. While the statute defines "employer," it fails to define "employee." Neither the Pennsylvania Supreme Court nor either of its appellate courts have addressed this question. Two Pennsylvania trial courts have addressed the issue with each answering the question conversely. *Compare Broadwell v. Defense Solutions, Inc.*, 2011 WL 8584566 (Pa.Ct.Com.Pl. Chester Cnty, Apr. 21, 2011) *affirmed without opinion*, 50 A.3d 253 (Pa. Super. Ct. 2012) *with Crites v. Hoogovens Tech. Servs., Inc.*, 2000 WL 356696 (Pa.Ct. Com.Pl Allegheny Cnty, Jan. 7, 2000).

When federal district courts have been called upon to answer this question of statutory interpretation, the majority of decisions follow the holding of the Honorable Curtis Joyner of the Eastern District of Pennsylvania in *Killian v. McCulloch*, 873 F. Supp. 938 (E.D. Pa. 1995), *aff'd sub nom. Stadler v. McCulloch*, 82 F.3d 406 (3d Cir. 1996) (Table).

In *Killian*, the court examined the statute, its effects[4], and its scant legislative history:

---

[3] A complaint must be dismissed under Rule 12(b)(6) if it does not allege "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

[4] Judge Joyner found that "[a] literal reading of the statute would, for example, allow an Arizona-based employee to bring a WPCL claim against his Oregon-based employer as long as that company also employed one person based in Pennsylvania. We cannot conclude that the

> The legislature has a strong interest in enacting legislation to protect those who work in the Commonwealth, but has almost no interest in extending that protection to those who work outside Pennsylvania. And while the statute assuredly has the effect of deterring wrongful behavior on the part of employers, its primary aim is to ensure that those who are employed in Pennsylvania receive compensation for their work. … Thus, we hold that the protections contained in the WPCL extend only to those employees based in Pennsylvania.

*Id*. at 942.

While the case law is split on the issue, this Court agrees with the decisions adopting *Killian's* holding that the WPCL applies only to employees working in Pennsylvania. *Buche v. Liventa Bioscience, Inc*., 112 F. Supp. 3d 883, 885 (D.Minn. Jun.26, 2015) ("Recognizing that the issue is difficult, this Court nevertheless agrees with the substantial weight of authority that only someone who works in Pennsylvania can bring a claim under the WPCL."). *See also Bland v. PNC Bank, N.A.*, 2016 WL 10520047, at n.22 (W.D. Pa. Dec. 16, 2016) (citing *Killian* with approval in a class certification decision). Even the presence of a choice-of-laws clause in an employment contract does not save Plaintiffs' WPCL claims.[5] *Buche*, 112 F. Supp. 3d at 888, *quoting N. Coast Tech. Sales, Inc. v. Pentair Tech. Products, Inc*., 2013 WL 785941, at *2-3 (D.Minn. Mar. 4, 2013) ([T]he choice-of-law clause *applies* [state] law; it does not *change* [state] law."). The motion to dismiss will be granted and Counts I and II will be dismissed.

An appropriate Order follows.

---

legislature intended such a result. As a result, we must seek an interpretation that better comports with the WPCL's legislative purpose." *Id*. at 942.

[5] Attached to the complaint is the employment contract between Richard Stanton and TaaSera that specifies that the agreement will be governed by the laws of the Commonwealth of Pennsylvania. ECF No. 1-1, page 15.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH STANTON,** ) | |
| **RICHARD STANTON,** ) | **C.A.No. 18-cv-291ERIE** |
| Plaintiffs ) | |
| ) | |
| **vs.** ) | |
| ) | **Re: Partial Motion to Dismiss** |
| **TAASERA, INC.,** ) | **ECF No. 8** |
| **KURT BUSECK,** ) | |
| **SCOTT HARTZ,** ) | |
| Defendants. ) | |

**O R D E R**

AND NOW, this 12th day of September, 2019;

IT IS ORDERED that the partial motion to dismiss [ECF No. 8] is granted. Counts I and II are dismissed from this action.

IT IS FURTHER ORDERED that Defendants Kurt Buseck and Scott Hartz be dismissed because Count II has been dismissed. The Clerk of Court is directed to terminate Buseck and Hartz on the docket.

A separate Order setting an Initial Case Management Conference will follow.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge