IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH STANTON                          )
and RICHARD STANTON,                    )
                                        )       Civil Action
            Plaintiffs,                 )
                                        )       No.  1:18-cv-00291-SPB
      v.                                )
                                        )
TAASERA, INC.,                          )
                                        )
            Defendant.                  )

## ANSWER

Defendant, TaaSera, Inc. ("TaaSera"), by its counsel, hereby responds as follows to Plaintiffs' Complaint:

### Answer

1.    Admitted.

2.    The averment that venue is proper in this district states a conclusion of law to which no response is required.  TaaSera denies the remaining averments of Paragraph 2 of Plaintiff's Complaint.

3.    Admitted.

4.    TaaSera admits that, on or about August 10, 2018, AAA administratively closed the arbitration matter.  TaaSera denies that it violated the AAA's Employment Arbitration Rules. TaaSera admits that it did not pay a portion of the filing fee.

5.    Paragraph 5 of Plaintiffs' Complaint states a conclusion of law to which no response is required.

6.    Denied.  TaaSera alleges, upon information and belief, that Joseph Stanton is deceased.

222286062

7.     TaaSera admits that Richard Stanton is an adult individual.  TaaSera is without knowledge or information sufficient to form a belief as to the truth of the averment that Richard Stanton currently resides in Maryland.

8.     Admitted.

9.     TaaSera admits that Kurt Buseck is an adult resident of the Commonwealth of Pennsylvania, and that he was the Chief Financial Officer, Corporate Secretary, and a Board member of TaaSera.  TaaSera denies that Mr. Buseck currently holds any of those positions.

10.    Admitted.

11.    Denied.

12.    TaaSera admits that, on or about December 12, 2012, Richard Stanton signed a written contract of employment with TaaSera, and that a copy of the contract is attached to Plaintiffs' Complaint as Exhibit 1.  The contract speaks for itself, and no response therefore is required to the remaining averments of Paragraph 12 of Plaintiffs' Complaint.

13.    Admitted.

14.    Admitted.

15.    TaaSera denies that Joseph Stanton had a contract with TaaSera.  TaaSera admits that it agreed to reimburse reasonable business expenses in accordance with TaaSera's expense reimbursement policy.

16.    Denied.  By way of further answer, TaaSera states that TaaSera was headquartered in Erie for a portion of the time that Plaintiffs worked for TaaSera.

17.    Upon information and belief, TaaSera admits that Plaintiffs lived in Maryland during their employment with TaaSera.  TaaSera denies that Plaintiffs worked in Maryland at all

times that Plaintiffs worked for TaaSera.  By way of further answer, TaaSera states that Plaintiffs worked for TaaSera in Maryland and Virginia.

18.     Admitted.  By way of further answer, TaaSera states that Richard Stanton was TaaSera's General Counsel, that he attended meetings TaaSera's Board of Directors, that he advised TaaSera's Board of Directors regarding legal issues relating to TaaSera's financial condition and payment of wages, and that he was aware prior to March 1, 2016, that TaaSera would be unable to make payroll.

19.     TaaSera admits that payroll restarted in November 2016.  TaaSera admits that certain employees were not paid their accumulated unpaid wages earned during the period from March 1, 2016 through November 1, 2016.  TaaSera denies that it owes wages to Plaintiffs.

20.     Denied.

21.     TaaSera admits that, during the period from March 1, 2016 through November 1, 2016, Plaintiff did not receive any salary or compensation.  TaaSera denies the remaining averments of Paragraph 21 of Plaintiffs' Complaint.

22.     Denied.

23.     TaaSera denies that Joseph Stanton is entitled to approximately $8,310 in work-related expenses.  TaaSera admits that it has not reimbursed Joseph Stanton for those alleged expenses.

24.     Denied.

25.     TaaSera admits that Richard Stanton was removed from payroll as a W-2 employee.  TaaSera denies that Richard Stanton was removed from payroll as a W-2 employee in April 2017.  TaaSera admits that, as of April 2017, TaaSera had terminated its Chief Financial Officer and that the company had suspended its payroll service.

26.     TaaSera admits that it told Richard Stanton that he would be considered an independent contractor.  TaaSera denies the remaining averments of Paragraph 26 of Plaintiffs' Complaint.

27.     Denied.

28.     Admitted.  By way of further answer, TaaSera states that Richard Stanton was not entitled to wages for the period from June 1, 2017 through June 1, 2018.

29.     Denied.

30.     Count I of Plaintiffs' Complaint has been dismissed pursuant to Order of Court dated September 12, 2019.  (Doc. No. 14).

31.     Count I of Plaintiffs' Complaint has been dismissed pursuant to Order of Court dated September 12, 2019.  (Doc. No. 14).

32.     Count I of Plaintiffs' Complaint has been dismissed pursuant to Order of Court dated September 12, 2019.  (Doc. No. 14).

33.     Count I of Plaintiffs' Complaint has been dismissed pursuant to Order of Court dated September 12, 2019.  (Doc. No. 14).

34.     Count I of Plaintiffs' Complaint has been dismissed pursuant to Order of Court dated September 12, 2019.  (Doc. No. 14).

35.     Count I of Plaintiffs' Complaint has been dismissed pursuant to Order of Court dated September 12, 2019.  (Doc. No. 14).

36.     Count I of Plaintiffs' Complaint has been dismissed pursuant to Order of Court dated September 12, 2019.  (Doc. No. 14).

37.     Count I of Plaintiffs' Complaint has been dismissed pursuant to Order of Court dated September 12, 2019.  (Doc. No. 14).

38.     Count I of Plaintiffs' Complaint has been dismissed pursuant to Order of Court dated September 12, 2019.  (Doc. No. 14).

39.     Count II of Plaintiffs' Complaint has been dismissed pursuant to Order of Court dated September 12, 2019.  (Doc. No. 14).

40.     Count II of Plaintiffs' Complaint has been dismissed pursuant to Order of Court dated September 12, 2019.  (Doc. No. 14).

41.     Count II of Plaintiffs' Complaint has been dismissed pursuant to Order of Court dated September 12, 2019.  (Doc. No. 14).

42.     Count II of Plaintiffs' Complaint has been dismissed pursuant to Order of Court dated September 12, 2019.  (Doc. No. 14).

43.     Count II of Plaintiffs' Complaint has been dismissed pursuant to Order of Court dated September 12, 2019.  (Doc. No. 14).

44.     TaaSera incorporates herein by reference its responses to Paragraphs 1 through 43 of Plaintiffs' Complaint.

45.     Paragraph 45 of Plaintiffs' Complaint states a conclusion of law to which no response is required.

46.     Paragraph 46 of Plaintiffs' Complaint states a conclusion of law to which no response is required.

47.     Paragraph 47 of Plaintiffs' Complaint states a conclusion of law to which no response is required.

48.     Paragraph 48 of Plaintiffs' Complaint states a conclusion of law to which no response is required.

49.     Paragraph 49 of Plaintiffs' Complaint states a conclusion of law to which no response is required.

50.     Paragraph 50 of Plaintiffs' Complaint states a conclusion of law to which no response is required.

51.     Paragraph 51 of Plaintiffs' Complaint states a conclusion of law to which no response is required.

52.     TaaSera incorporates herein by reference its responses to Paragraphs 1 through 51 of Plaintiffs' Complaint.

53.     Paragraph 53 of Plaintiffs' Complaint states a conclusion of law to which no response is required.

54.     Paragraph 54 of Plaintiffs' Complaint states a conclusion of law to which no response is required.

55.     Denied.

56.     TaaSera incorporates herein by reference its responses to Paragraphs 1 through 55 of Plaintiffs' Complaint.

57.     Paragraph 57 of Plaintiffs' Complaint states a conclusion of law to which no response is required.

58.     Paragraph 58 of Plaintiffs' Complaint states a conclusion of law to which no response is required.

59.     Denied.

<u>Affirmative Defenses</u>

60.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

61.     Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

62.     Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

63.     Plaintiffs' claims are barred by the doctrine of impossibility of performance.

64.     At times relevant to Plaintiffs' Complaint, Plaintiffs were not employees of TaaSera's and therefore are not entitled to recover wages for those periods of time.

65.     At times relevant to Plaintiffs' Complaint, Plaintiffs provided no services to TaaSera, and therefore are not entitled to recover wages for those periods of time.

66.     As TaaSera's Chief Legal Officer, Richard Stanton owed a fiduciary duty to TaaSera to take the legal steps necessary to ensure that TaaSera complied with all applicable law. To the extent that TaaSera may be determined to be liable to Richard Stanton, his recovery should be denied or reduced due to his breach of fiduciary duty to TaaSera.

67.     The Maryland Wage Payment and Collection Law is inapplicable to Plaintiffs' claims.

68.     Even if the Maryland Wage Payment and Collection Law were applicable to Plaintiffs' claims, Plaintiffs were employed by TaaSera in the Commonwealth of Virginia at times relevant to their Complaint, and Plaintiffs therefore would not be entitled to recover wages under the Maryland Wage Payment and Collection Law for those periods of time.

69.     A bona fide dispute exists between TaaSera and Plaintiffs regarding Plaintiffs' alleged entitlement to wages.

70.     TaaSera is entitled to an offset in the amount of compensation that Plaintiffs earned or, in the exercise of reasonable diligence, could have earned from other employment or

independent contractor services during periods of time when TaaSera was in alleged breach of contract.

71.     To the extent that Plaintiffs failed to seek out other employment or independent contractor engagements during time periods when they were providing no services to TaaSera, Plaintiffs have unreasonably failed to mitigate their alleged damages.

72.     To the extent that either Plaintiff had a contract with TaaSera that provided for the payment of wages or reimbursement of expenses, the contracts would have contained provisions providing for waiver of jury trials with respect to litigation relating to those contracts.  Plaintiffs therefore have waived their right to jury trial.

WHEREFORE, Defendant, TaaSera, Inc., respectfully request that Plaintiffs' Complaint be dismissed, with prejudice.


Dated:  September 26, 2019                    Respectfully submitted,


                                              /s/ Kurt A. Miller
                                              Kurt A. Miller
                                              Pa. I.D. No. 37850

                                              James P. Thomas
                                              Pa. I.D. No. 75960

                                              Andrew J. Ruxton
                                              Pa. I.D. No. 322818

                                              CLARK HILL PLC
                                              One Oxford Centre
                                              301 Grant Street, 14th Floor
                                              Pittsburgh, PA  15219-1425
                                              412-394-2363

                                              *Attorneys for Defendant, TaaSera, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **ANSWER**

has been served upon counsel of record this 26th day of September, 2019, via the Court's

CM/ECF System, as follows:

Christine T. Elzer, Esq.
Elzer Law Firm, LLC
100 First Avenue, Suite 1010
Pittsburgh, PA  15222

Neil S. Hyman, Esq.
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, MD  20814

/s/ Kurt A. Miller
Kurt A. Miller